Filed 2/10/23 P. v. Crist CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096231 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF05622, 21CF05739, 21CM05737 ) |
| v. | |
| DERRICK DEON CRIST, | |
| Defendant and Appellant. | |

Defendant Derrick Deon Crist contends his three-year eight-month sentence violates his plea agreement.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In three cases, defendant pled guilty to two felony offenses and five misdemeanor offenses.  On the plea form, defendant stated that he had not been induced to enter the pleas "by any promise or representation of any kind, except" for the agreement that he would receive a "terminal" sentence with no probation.  In return, defendant agreed that "[t]here m[ight] be factors in aggravation which [were] not plead [*sic*] or proved" and

1

that he "m[ight] receive the upper term" sentence because he was "rejecting probation." The plea form advised that the maximum sentence as a result of defendant's plea was three years four months in county jail. The People concede this was not the correct maximum sentence for the offenses to which defendant pled.

Before accepting defendant's pleas, the trial court confirmed that defendant had initialed and signed the plea form. The court did not review the terms of the agreement on the record but did ask defendant whether anyone had threatened him or promised him anything in order to get him to plead. Defendant responded, "No." The court then asked about the proposed "terminal" sentence, to which the prosecutor responded that the plea agreement was "open"[1] and defendant preferred not to be placed on probation. No one mentioned the maximum sentence defendant faced.

At the subsequent sentencing hearing, the trial court sentenced defendant to the upper term of three years in county jail for vandalism and a consecutive term of eight months in county jail for a separate act of vandalism. (Pen. Code,[2] §§ 594, 1170, subd. (h)(1).) The court declined to suspend a concluding portion of the sentence, finding mandatory supervision inappropriate in this case. (§ 1170, subd. (h)(5).) For the misdemeanor offenses, the court sentenced defendant to four concurrent one-year terms and one concurrent six-month term in county jail. Defendant did not object to his sentence at the hearing. Again, no one mentioned the incorrect maximum sentence listed on the plea form.

Defendant timely appealed. In his request for a certificate of probable cause, filed more than one month after his sentencing hearing, defendant for the first time raised the

---

[1]    "An open plea is one under which there is no promise about the nature or duration of the defendant's sentence." (*People v. Henderson* (2021) 67 Cal.App.5th 785, 788.)

[2]    Undesignated statutory references are to the Penal Code.

2

issue that he "was sentenced to more time th[a]n the plea offer stipulated." The trial court granted the request.

DISCUSSION

Defendant contends his three-year eight-month sentence violates his plea agreement because it exceeds the three-year four-month maximum sentence listed on his plea form. The People respond that (1) the parties did not agree on the duration of defendant's sentence, (2) the incorrect maximum sentence on the plea form was merely an incorrect advisement about the consequences of the plea, (3) defendant forfeited his right to claim the trial court misadvised him by not objecting at sentencing, and (4) the error was harmless because the four-month difference between the stated and actual maximum sentences would not have caused defendant to forego his plea. We agree with the People that defendant and the prosecution did not agree on the duration of defendant's sentence. We conclude that the trial court misadvised defendant about the maximum sentence he faced, but defendant forfeited his right to raise the issue on appeal when he did not object at sentencing to the trial court imposing a sentence four months longer than the advised maximum sentence.

I

*Plea Agreement*

As an initial matter, the parties did not agree on the duration of defendant's sentence. "Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles." (*People v. Segura* (2008) 44 Cal.4th 921, 930.) " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.)' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under

3

which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. (Civ. Code, §§ 1635-1656; Code Civ. Proc., §§ 1859-1861, 1864; [citations].)' " (*Ibid.*)

Here, both the plea form defendant signed and defendant's statement in the trial court confirm that the prosecution made no promise about the duration of his sentence in return for defendant's plea. The separate section advising defendant about the maximum sentence as a result of his plea is clearly phrased as an advisement: "I understand that I *may* serve this maximum sentence as a result of my plea . . . ." (Italics added.) The surrounding circumstances and subsequent actions of the parties support this interpretation as well. After defendant pled, the prosecutor clarified for the trial court that defendant's desire for a "terminal" sentence without probation did not change the open nature of the plea, which defendant did not dispute. Consistent with the prosecutor's statement, no one mentioned any agreed upon maximum sentence at the plea hearing. Likewise, when the trial court subsequently sentenced defendant to a term four months longer than the incorrect maximum sentence, defendant did not claim a term of the plea agreement had been violated, which is consistent with the People's position that no such term had been agreed upon. We conclude defendant's plea agreement did not include any term regarding the duration of defendant's sentence.

II

*Advisement Error*

Defendant was, however, misadvised that he could receive a maximum sentence of three years four months as a result of his no contest pleas to two counts of felony vandalism, two counts of misdemeanor vandalism, two counts of misdemeanor resisting arrest, and one count of misdemeanor trespassing. In fact, had the trial court sentenced defendant to consecutive sentences for all seven offenses, the sentence would have totaled eight years two months. (See §§ 594, subds. (a) & (b) [felony and misdemeanor vandalism], 1170, subd. (h)(1) [punishment for felony vandalism], 148, subd. (a)(1)

4

[misdemeanor resisting arrest], 602, subd. (m) [misdemeanor trespassing], 19 [punishment for misdemeanor trespassing], 1170.1, subd. (a) [consecutive sentencing for felonies]; *People v. Brown* (2016) 247 Cal.App.4th 1430, 1434 [sentencing misdemeanors consecutive to felonies].)  This was in error, but defendant forfeited his right to raise the issue on appeal by failing to object when the trial court imposed a sentence that exceeded the maximum sentence listed on the plea form.

"[B]ecause 'advisement as to the consequences of a plea is not constitutionally mandated,' 'the error is [forfeited] absent a timely objection.' " (*People v. Villalobos* (2012) 54 Cal.4th 177, 182.)  The forfeiture rule is particularly apt in such circumstances because advisement errors are easily correctable if brought to the trial court's attention at or before sentencing.  (*People v. McClellan* (1993) 6 Cal.4th 367, 377-378; *Villalobos*, at pp. 181-182, 186.)  Here, the probation report filed before the sentencing hearing recommended a three-year eight-month sentence, which exceeded the incorrect maximum sentence on the plea form.  The trial court then sentenced defendant to three years eight months in county jail.  Had defendant brought these discrepancies to the attention of the trial court, the error in the plea form could have been corrected.  In these circumstances, we conclude defendant forfeited his right to challenge the advisement error.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.


We concur:




/s/
DUARTE, J.




/s/
BOULWARE EURIE, J.

6